COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     David A. Berry v. Federal National Mortgage Association aka Fannie Mae

Appellate case number:   01-14-00781-CV

Trial court case number:  1049661

Trial court:             County Civil Court at Law No. 4 of Harris County

On September 16, 2014, appellant, David A. Berry, filed an affidavit of indigence in the trial court. *See* TEX. R. APP. P. 20.1(a)(2)(A). On September 24, 2014, the trial court clerk filed the clerk's record on indigence. According to the clerk's record, the trial court timely sustained the county clerk's contest to appellant's affidavit of indigence on September 23, 2014. *See id.* 20.1(e)(1), (i)(4). Also on September 24, 2014, the trial court clerk issued a second letter of assignment to this Court from the above-mentioned trial court cause number, containing a "Notice of Appeal of Judgment and Order Sustaining Contest to Pauper's Oath," which was filed by appellant in the trial court on September 24, 2014.

Under Texas Rule of Appellate Procedure 20.1(j)(1), a party claiming indigence may seek review of a trial court order sustaining a contest to his or her affidavit of indigence by filing a motion challenging the order in the appellate court. *See id.* 20.1(j)(1) (stating that party may seek review of trial court's order "by filing a motion challenging the order with the appellate court").

Here, appellant filed a notice of appeal, in which he specifically states that he "request[s] an appeal;" appellant did not file a motion. Further, and more importantly, appellant filed his notice in the trial court, not with this Court as required by Rule 20.1(j)(1). *See id.* (requiring motion be filed "with the appellate court").

Under Texas Rule of Appellate Procedure 20.1(j)(4), a motion challenging a trial court's order sustaining a contest to an affidavit of indigence is granted by operation of law unless the appellate court denies the motion within 10 days after it is filed. *Id.* 20.1(j)(4). Because appellant's notice of appeal was filed as a notice and because it was

filed in the trial court, the filing provided no notice to this Court of the need to consider and rule on a motion challenging the trial court's order within 10 days of the filing of such a motion. Consequently, consideration of such an improperly filed notice, which comes to the appellate court's attention through a letter of assignment issued by the trial court clerk, would encourage appellants to improperly file their Rule 20.1(j) motions in an effort to have their motions be granted by operation of law. Accordingly, we will not construe appellant's "Notice of Appeal" as a motion challenging the trial court's order sustaining the county clerk's contest to appellant's affidavit of indigence pursuant to Texas Rule of Appellate Procedure 20.1(j).

Because appellant has not established indigence, it is ORDERED that appellant pay the appellate filing fee to this Court within 14 days of the date of this order, or the appeal will be dismissed. *See* TEX. R. APP. P. 5 (requiring payment of fees in civil cases unless indigent), 42.3 (allowing involuntary dismissal of case).

It is further ORDERED that, by no later than November 17, 2014, appellant file with this Court proof that he has paid or made arrangements to pay for the preparation of the clerk's record, or the appeal will be dismissed. *See* TEX. R. APP. P. 34.5(a), 35.3(a)(2), 37.3(b).

It is so ORDERED.

Judge's signature: /s/ <u>Sherry Radack</u>
        ☒ Acting individually    ☐ Acting for the Court

Date: October 14, 2014